IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>**RICKY DEWAYNE JOHNSON** | Criminal No: 2:18-cr-00695<br><br>**PLEA AGREEMENT** |

**General Provisions**

This PLEA AGREEMENT is made this _15th_ day of _December_, 2020, between the United States of America, as represented by United States Attorney PETER M. MCCOY, JR., Assistant United States Attorney Christopher B. Schoen; the Defendant, **RICKY DEWAYNE JOHNSON**, and Defendant's attorney, Charles Cochran.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to plead guilty to Counts 1 and 3 of the Superseding Indictment now pending, which charge Defendant with forcibly assaulting, resisting, impeding, intimidating, and interfering with a person designated in Title 18, United States Code, Section 1114 by means and use of a dangerous weapon, which Defendant brandished, a violation of Title 18, United States Code, Sections 111(a)(1) and 111(b) (Count 1), and with knowingly possessing a firearm and ammunition in and affecting commerce, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, and knowing that he had been convicted of such a crime, a violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2), and 924(e) (Count 3).

In order to sustain its burden of proof, the Government is required to prove the following:

## Count 1

A. that the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer or employee of the United States as designated in § 1114
B. that the defendant did so forcibly;
C. that the defendant did so while the employee was engaged in or on account of the performance of official duties, and
D. that the defendant used a deadly or dangerous weapon; and
E. that the defendant did so intentionally

The penalty for this offense is:

18 U.S.C. § 111(b) - a maximum term of imprisonment of twenty (20) years, a fine of $250,000 and a term of supervised release of three (3) years, plus a special assessment of $100.

## Count 3

A. That the Defendant previously had been convicted of a crime punishable by a term of imprisonment exceeding one year;
B. that the Defendant knew he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year;
C. that the Defendant knowingly possessed, transported, shipped, or received the firearm or ammunition; and
D. that the possession was in or affecting commerce, because the firearm or ammunition had traveled in interstate or foreign commerce at some point during its existence.

The penalty for this offense is:

Imprisonment for not more than ten (10) years, a fine of $250,000.00, supervised release for three (3) years, and a special assessment of $100.00.

2. The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due and payable immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 U.S.C. § 3613. In the event the Court imposes a schedule for payment of restitution, the Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the Government from seeking to enforce the judgment against other assets of the

Defendant at any time, as provided in 18 U.S.C. §§ 3612, 3613 and 3664(m). The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Repayment Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

    A.    Special Assessment: Pursuant to 18 U.S.C. §3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing or during participation in the Bureau of Prisons Inmate Financial Repayment Program if this plea results in incarceration.

    B.    Restitution: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by his scheme or pattern of criminal activity, pursuant to 18 U.S.C. § 3663. The Defendant agrees to cooperate fully with the Government in identifying all victims. Upon demand, the Defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding the Defendant's capacity to satisfy any fines or restitution. The Defendant expressly authorizes the U.S. Attorney's Office to immediately obtain a credit report on the Defendant in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. The Defendant understands that the Defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

    C.    Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3.    Provided the Defendant complies with all the terms of this Agreement, the United States agrees to move to dismiss the remaining counts of the [Superseding] Indictment [and any other indictments under this number] at sentencing. The Defendant understands that the Court may consider these dismissed counts as relevant conduct pursuant to §1B1.3 of the United States Sentencing Commission Guidelines.

4. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

## Forfeiture

5. The Defendant agrees to voluntarily abandon all right, title, interest and claim in the firearm(s) and ammunition seized from him/her, to wit: a Smith & Wesson, Model 457, .45 caliber pistol (serial number VUV7295) and .45 caliber ammunition.

6. The Defendant also agrees to voluntarily transfer all right, title, interest and claim in the above-described property and/or assets to the United States of America. Furthermore, the Defendant attests, under penalty of perjury, that the Defendant owns the above-described property and/or assets free of any liens and encumbrances, and that no other person or entity has a claim to the above-described property and/or assets.

## Merger and Other Provisions

7. The Attorneys for the Government agree to recommend that the Defendant not be prosecuted for any similar or related state crimes, stemming from the incident on March 22, 2018, so long as the Defendant complies with the terms of this Plea Agreement. The Defendant understands that this is only a recommendation and is not binding upon the Ninth Circuit Solicitor's Office. Furthermore, the Defendant fully understands that he/she

has no right to withdraw his guilty plea should such recommendation not be followed by the Ninth Circuit Solicitor's Office.

8. The Defendant and the Government stipulate and agree to the following for purposes of calculating the Defendant's sentence pursuant to the United States Sentencing Commission Guidelines:

With regard to Count 1:

    A.    The United States Sentencing Commission Guideline for a violation of 18 U.S.C. § 111(a)(1) is found in USSG §2A2.4. Pursuant to the cross reference at §2A2.4(c)(1), if the conduct constituted aggravated assault, 2A2.2 is used to determine the offense level because it results in a higher offense level. As this is the case, the base offense level is 14, pursuant to USSG §§2A2.2(a) and 2A2.4(c)(1);

    B.    The Defendant conducted the offense under 18 U.S.C. § 111(b); thus, a 2-level enhancement should be applied pursuant to USSG §2A2.2(b)(7);

    C.    A dangerous weapon was otherwise used in the offense, so a 4-level enhancement should be applied under USSG §2A2.2(b)(2)(B);

    D.    A 6-level enhancement should apply pursuant to USSG §3A1.2(c)(1) because, in a manner creating a substantial risk of serious bodily injury, the Defendant, knowing or having reasonable cause to believe that a person was a law enforcement officer, assaulted such officer during the course of the offense or immediate flight therefrom;

    E.    A 2-level enhancement should apply pursuant to USSG §3C1.2 because the Defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer; and

    F.    The adjusted offense level for Count 1 is 28;

With regard to Count 3:

    G.    The base offense level should be 20 pursuant to USSG §2K2.1(a)(4)(A) because the Defendant committed the instant offense subsequent to sustaining one felony conviction for a controlled substance offense (Manufacturing Methamphetamine);

    H.    A 4-level enhancement should apply pursuant to USSG §2K2.1(b)(4)(B) because one of the firearms Defendant possessed had an obliterated serial number;

    I.    A 4-level enhancement should apply pursuant to USSG § 2K2.1(b)(6)(B) because the Defendant used the firearm in connection with another felony offense;

    J.    The Defendant used or possessed the .45 caliber firearm cited in the offense of conviction in connection with the commission of or attempted commission of another offense (Attempted Murder of a Berkeley County Sheriff's Deputy). Thus, in respect to that other offense, if the offense level is greater than that determined above, §2X1.1 is to be used as the applicable guideline pursuant to USSG

§2K2.1(c)(1)(A). Accordingly, the cross-referenced base offense level should be 33 pursuant to USSG §2A2.1(a)(1);

K. A 6-level enhancement should apply to the cross-referenced base offense level pursuant to USSG §3A1.2(c)(1) because, in a manner creating a substantial risk of serious bodily injury, the Defendant, knowing or having reasonable cause to believe that a person was a law enforcement officer (the BCSO deputy), assaulted such officer during the course of the offense or immediate flight therefrom;

L. A 2-level enhancement should apply to the cross-referenced base offense level pursuant to USSG §3C1.2 because the Defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer; and,

M. The adjusted base offense level for Count 3 is 41;

With regard to both counts:

N. Defendant's criminal history category is VI;

O. Defendant is entitled to a 3-level reduction for acceptance of responsibility, so his total offense level is 38; and,

P. Defendant's guideline range on Counts 1 and 3 is 360 – Life, but the statutorily authorized maximum sentence on Counts 1 and 3 is 360 months.

The Defendant understands that these stipulations are not binding upon the Court or the United States Probation Office, and that the Defendant has no right to withdraw his plea should these stipulations not be accepted. Further, the Defendant understands and acknowledges that these stipulations are binding on the Government only in the event that the Defendant complies with ALL of the terms of this Agreement and does not contest any of the above stipulations or any readily provable relevant conduct.

9. The Defendant represents to the court that he/she has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Superseding Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of

counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the Government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

10. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the Defendant's sentence. This agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

11. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

12. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

12/15/2020
Date

_Ricky Johnson_
RICKY DEWAYNE JOHNSON,
Defendant

12/15/2020
Date

Charles Cochran, Esquire
Defense Attorney

PETER M. MCCOY, JR.,
UNITED STATES ATTORNEY

12/15/2020
Date

Christopher B. Schoen (Fed. ID # 11421)
Assistant United States Attorney

## U. S. DEPARTMENT OF JUSTICE
## Statement of Special Assessment Amount

This statement reflects your special assessment only. There may be other penalties imposed at sentencing. **This Special Assessment is due and payable at the time of the execution of the plea agreement.**

| ACCOUNT INFORMATION | |
|---|---|
| **CRIM. ACTION NO.:** | 2:18-cr-00695-MBS |
| **DEFENDANT'S NAME:** | RICKY DEWAYNE JOHNSON |
| **PAY THIS AMOUNT:** | $100.00 per count |
| **PAYMENT DUE ON OR BEFORE:** | (date plea agreement signed) |

**MAKE CHECK OR MONEY ORDER PAYABLE TO:**
*CLERK, U.S. DISTRICT COURT*

PAYMENT SHOULD BE SENT TO:
**Clerk, U.S. District Court**
**Hollings Judicial Center**
**85 Broad Street**
**Charleston, SC 29401**

OR HAND DELIVERED TO:
**Clerk's Office**
**Hollings Judicial Center**
**85 Broad Street**
**Charleston, SC 29401**  (Mon. – Fri. 8:30 a.m.– 4:30 p.m.)

*INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER*  (***Do Not send cash***)

*ENCLOSE THIS COUPON TO INSURE PROPER and PROMPT APPLICATION OF PAYMENT*